**FILED**

**NOT FOR PUBLICATION**

**AUG 25 2006**

UNITED STATES COURT OF APPEALS

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

RECEIVED

SEP 2 X 2006

CLERK, U.S. DISTRICT COURT
ANCHORAGE, ALASKA

| UNITED STATES OF AMERICA, | No. 04-30370 |
|---|---|
| Plaintiff - Appellee, | D.C. No. CR-04-00056-a-RRB |
| v. | |
| HECTOR ANTONIO GUERRERO-GUZMAN, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, District Judge, Presiding

Submitted August 21, 2006**

Before: GOODWIN, REINHARDT, and BEA, Circuit Judges.

Hector Antonio Guerrero-Guzman appeals from the 19-month sentence imposed after his guilty-plea conviction for illegal reentry, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291.

Guerrero-Guzman raised a constitutional challenge to his sentence before

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

the district court and therefore preserved the nonconstitutional error – being sentenced under a mandatory Sentencing Guidelines regime – identified in *United States v. Booker*, 543 U.S. 220 (2005). *See United States v. Beng-Salazar*, 452 F.3d 1088, 1095-96 (9th Cir. 2006). Because we conclude that the government has not established that it is more probable than not that the error did not materially affect Guerrero-Guzman's sentencing, we vacate his sentence and remand for resentencing under the advisory Guidelines. *See id.*; *United States v. Ameline*, 409 F.3d 1073, 1074 (9th Cir. 2005) (en banc).

We are unable to consider Guerrero-Guzman's contention that the district court's analysis of his commercial burglary conviction under *Taylor v. United States*, 495 U.S. 575 (1990), was erroneous, because no documents supporting the analysis were included in the record. On remand, the district court should incorporate into the record any documents it relied upon to support a *Taylor* analysis. *See United States v. Rivera-Sanchez*, 247 F.3d 905, 908 (9th Cir. 2001) (en banc).

We also remand the case to the district court with instructions that it delete from the judgment the reference to 8 U.S.C. § 1326(b)(2). *See United States v. Herrera-Blanco*, 232 F.3d 715, 719 (9th Cir. 2000) (remanding sua sponte to delete the reference to § 1326(b)).

**VACATED and REMANDED.**

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST
SEP 18 2006
by: Wayne
Deputy Clerk